1  Avi Burkwitz, Esq., Bar No.: 217225
   ABurkwitz@pbbllp.com
2  Gil Burkwitz, Esq., Bar No.: 289337
   GBurkwitz@pbbllp.com
3  **PETERSON · BRADFORD · BURKWITZ**
   100 North First Street, Suite 300
4  Burbank, California 91502
   818.562.5800
5
   Attorneys for Defendant Los Angeles Sherriff's Department
6

7                **UNITED STATES DISTRICT COURT**
8                **CENTRAL DISTRICT OF CALIFORNIA**

9

10  ROBERT K. MAYBERRY,                Case No.:  2:20-CV-224
                                       Assigned to the Honorable:
11                Plaintiffs,
                                       (L.A.S.C. Case No.: 19STCV37547
12     vs.                             Assigned to the Honorable: Stuart M.
                                       Rice, Filed on October 21, 2019)
13  LOS ANGELES SHERRIFF'S
    DEPARTMENT                         **NOTICE OF REMOVAL OF
14                                     ACTION PURSUANT TO 28 U.S.C.
                  Defendants.          §§ 1441 (a) & 1446 (a)-(b), BY
15                                     DEFENDANT LOS ANGELES
                                       SHERRIFF'S DEPARTMENT**
16

17

18                                     Complaint Filed: October 21, 2019
19

20  TO THE UNITED STATES DISTRICT COURT AND PLAINTIFF THROUGH HIS

21  ATTORNEY OF RECORD:

22       PLEASE TAKE NOTICE that Defendant, LOS ANGELES SHERRIFF'S

23  DEPARTMENT ("LASD,") hereby removes this action from the Superior Court for

24  the State of California, County of Los Angeles, to the United States District Court for

25  the Central District of California. The removal is made pursuant to 28 U.S.C. §§ 1441

26  (a) and 1446 (a)-(b), and is based on the following:

27  ///

28  ///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1

## I.   REMOVAL AND VENUE ARE PROPER

Although there is some ambiguity, this civil action appears to arise from alleged wrongdoing in connection with the treatment of inmate Plaintiff Robert K. Mayberry ("Plaintiff"), during his incarceration at the Los Angeles County Jail. Plaintiff seems to be advancing six claims for relief, upon theories of Violations of Civil Rights (42 U.S.C. Section 1983), Illegal Search under the Fourth Amendment, Physical Abuse, Failure to Provide Medical Attention, Negligent Infliction of Emotional Distress, and False Arrest and Imprisonment. (*See* Declaration of Gil Burkwitz, Esq. ("Burkwitz Jan. 8"), a true and correct copy of Plaintiffs' Complaint is attached as Exhibit A.) As plaintiff's first four claims for relief are for alleged violations of civil and constitutional rights and the violation of the Fourth Amendment of the US Constitution, the action poses quintessential federal questions, pursuant to 28 U.S.C. § 1331, and the District Court has federal-question jurisdiction over this action. Additionally, the federal tribunal has jurisdiction to determine not only the federal claims, but all pendent state claims set forth in plaintiffs' fifth and sixth claims for relief, as they all derive "from a common nucleus of operate fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, (1966). See Plaintiffs' complaint, Exhibit "A".

## II.   LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441 (a), a case may be removed from state to federal court if the action could have been originally commenced in federal court. *see also Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702 (1972). The propriety of removal is determined at the time the petition for removal is filed by reference to the plaintiff's complaint filed in state court. *La Chemise Lacoste v. Alligator Co.*, 506 F2d 339, 343-344 (3d Cir. 1974). When the complaint states a claim invoking the original jurisdiction of the federal court, the action is removable. *Id*. Federal district courts have original jurisdiction in the district courts over all actions brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1343(a)(3). District courts have original jurisdiction over all actions involving federal questions. *See* 28 U.S.C. § 1331.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

2

A notice of removal must be filed "within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F. 3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. § 1446 (b)(1), (b)(3)). Under Rule 6, when a period in the federal rules is stated in days, the last day of the period is excluded in circumstances where it falls on "a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). In such cases, the period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* "Next day," as used in Rule 6, is a legal term of art that is "determined by continuing to count forward when the period is measured after an event and backward when measured before an event." Fed. R. Civ. P. 6(a)(5). Because the 30-day period for removing a state action to federal court is measured after an event (*i.e.*, receipt of document that discloses removability), the "next day" is determined by continuing to count forward—rather than backward. *See*, *e.g.*, *Powell v. Koenig*, No. 18-CV-04443-JST, 2018 WL 5270582, at *2 (N.D. Cal. Oct. 22, 2018) (extending 30-day removal period from a Sunday to the following Monday).

Here, Plaintiff's Complaint was served on the LASD on December 9, 2019. Accordingly, this notice of removal was timely filed within 30 days after December 9, 2019. 28 U.S.C. § 1446 (b).

## III.   PROCEDURAL POSTURE

On or about October 21, 2019, Plaintiff filed a Complaint for damages against LASD in the Superior Court of the State of California, County of Los Angeles, entitled, *MAYBERRY R. VS LOS ANGELES SHERRIFF'S DEPARTMENT*, Los Angeles Superior Court Case No. 19STCV37547. (Burkwitz Jan. 8, Exhibit A) Although not clearly outlined in the complaint, Plaintiff appears to assert the following six claims for relief:

1) Civil Rights Violation;

2) Illegal Search under the Fourth Amendment;

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

3

3) Physical Abuse;

4) Failure to Provide Medical Attention;

5) False Arrest and Imprisonment; and

6) Negligent Infliction of Emotional Distress.

On December 9, 2019, Plaintiff served his Complaint on LASD. Upon information and belief, no co-defendant has been served in this matter. (*See* Burkwitz Jan.)

Generally, when a "civil action is removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (b)(2)(A). Here, aside from LASD, no other Defendant has been served. Further, in accordance with 28 U.S.C. § 1446 (a), all documents that have been served on Defendant have been attached to the Declaration of Gil Burkwitz, Esq. (*See* Burkwitz Jan. 8, and Exhibits A, B, and C.)

## IV.   FEDERAL QUESTION JURISDICTION & SUPPLEMENTAL/PENDENT JURISDICTION

Here, Plaintiffs' first claim for relief appears to allege a federal question pursuant to 42 U.S.C. § 1983. (Burkwitz Jan. 8, Exhibit A) Additionally, Plaintiff's second claim for relief also appears to allege a federal question pursuant to 42 U.S.C. § 1983. In *Lofland v. Meyers*, 442 F. Supp. 955, 958 (1977), the court stated that the pro se Plaintiff's claim reveals that the Plaintiff alleges both Fourth amendment illegal search and seizure and Fifth Amendment Due Process violations. In *Lofland*, the Plaintiff alleges that defendants illegally entered and searched his property, a possible Fourth Amendment violation. *Id*. Therefore, the court based its jurisdiction on 28 U.S.C s 1331(a) since all of plaintiff's claims involve matters arising under the Constitution of the United States. Further, the third and fourth claims for relief also allege a federal question. Accordingly, Plaintiffs have invoked federal law as the basis for their claim against LASD, and removal is proper because the district court has original jurisdiction over such claims. See 28 U.S.C. § 1331.

Additionally, state claims are also asserted in Plaintiff's fifth and sixth causes

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT**

n:\files\2354-mayberry (cola)\pleadings\p- notice of removal (federal) - tm.docx

of action identified in their Complaint.  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which derive "from a common nucleus of operate fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct 1130, 16 L. Ed. 2d 218 (1966). Here, Plaintiff's state law and federal claims all appear to arise from the same facts – i.e. alleged wrongdoing in connection with the incarceration of Plaintiff and his subsequent treatment while in custody. *See Plaintiffs'* Complaint, Exhibit "A". Accordingly, the district court has jurisdiction over all claims asserted in plaintiffs' complaint.

## V.   NOTICE TO THE COURT AND PARTIES

Concurrent with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned will give written notice of such filing to Plaintiff and a copy of the Notice of Removal will be filed with the Clerk of the Court for the California Superior Court of the County of Los Angeles, California. (Burkwitz Jan. 8)

WHEREFORE, the above-entitled action, now pending in the Superior Court of the State of California, County of Los Angeles, is removed to the United States District Court for the Central District of California.

DATED: January 8, 2020                 **PETERSON · BRADFORD · BURKWITZ**


By:     /s/ Gil Burkwitz
        Avi Burkwitz, Esq.
        Gil Burkwitz, Esq.
        Attorneys for Defendant

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT

n:\files\2354-mayberry (cola)\pleadings\p- notice of removal (federal) - tm.docx

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On January 8, 2020, I served the foregoing document described as:
**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 USC §§ 1441(A) AND 1446 (A)-(B) BY DEFENDANT COUNTY OF LOS ANGELES; DECLARATION OF NICK ZWARG, ESQ.**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 8, 2020, at Burbank, California.

/s/
_____
Alicia De La Cruz

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

6

**NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT**

n:\files\2354-mayberry (cola)\pleadings\p- notice of removal (federal) - tm.docx

<u>**SERVICE LIST**</u>

**RE:   <u>ROBERT MAYBERRY v. LOS ANGELES SHERIFF'S</u>**
**<u>DEPARTMENT</u>**

Robert K. Mayberry
Po Box 5004
Delano, Ca 90012

In Pro Per

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

**NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT**