Avi Burkwitz, Esq., Bar No.: 217225
ABurkwitz@pbbllp.com
Gil Burkwitz, Esq., Bar No.: 289337
GBurkwitz@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Phone: 818.562.5800
Fax: 818.562.5810

Attorneys for Defendant,
LOS ANGELES SHERRIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ROBERT K. MAYBERRY, an individual

Plaintiff,

v.

LOS ANGELES SHERRIFF'S DEPARTMENT

Defendants.

Case No.: 2:20-CV-00224-JLS-JDE
Assigned to: Honorable Josephine L. Staton
Referred to: Magistrate Judge John D. Early

(L.A.S.C. Case No.: 19STCV37547
Assigned to the Honorable: Stuart M. Rice)

**DEFENDANT, LOS ANGELES SHERIFF DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with Declaration of Gil Burkwitz in Support of Defendant Los Angeles Sherriff Department's Motion to Dismiss Plaintiff's Complaint; Proposed Order]*

**Date: March 13, 2020**
**Time: 10:30 a.m.**
**Ctrm: 10A**

Complaint Filed: October 21, 2019

NOTICE IS HEREBY GIVEN that on Friday, March 13, 2020, at 10:30 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located in



n:\files\2354-mayberry (cola)\pleadings\p-mtd-gb.docx

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Courtroom 10A of the United States District Court for the Central District of California, located on the 10th Floor of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Defendant Los Angeles Sherriff's Department (Defendant, or "LASD") will and hereby does move the Court for an order dismissing Plaintiff Robert K. Mayberry's ("Plaintiff") Complaint, including all claims for relief asserted against it, pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is brought on the following grounds:

1. Plaintiff's complaint is unclear and fails to put the LASD on notice of the exact nature/basis of the claims against it, as well as largely relies upon conclusory allegations;
2. Plaintiff appears to bring suit against the LASD on a theory of respondeat superior, and therefore, is barred; (*Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978); see also, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989);
3. Plaintiff's allegations are barred by Res Judicata and the Rocket Feldman Doctrine, because Plaintiff pled *Nolo Contendere* during his criminal case and now, in turn, has brough suit against LASD for false imprisonment.
4. Plaintiff's Complaint fails to provide a "short and plain" statement of his claim and/or allegations that set forth the basis for the action. FRCP 8(a) & (b); *Sheppard v. David Evans & Assocs*. (9th Cir. 2012) 694 F3d 1045, 1048-1049];
5. Plaintiff has failed to demonstrate compliance with the Government Claims Act for State Claims. Govt. Code §§ 911.2, 945.4;
6. Plaintiff has improperly asserted claims of punitive damages against a public entity. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13; *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v.*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996)

This motion is made following the meet and confer efforts by Defense Counsel with plaintiff pursuant to L.R. 7-3. On or about January 8, 2020, Defense Counsel sent Plaintiff a meet and confer correspondence via-mail regarding LASD's intention to proceed with the filing of a motion to dismiss pursuant to FCRP 12(b)(6) and generally describing various deficiencies with the complaint, including a request for plaintiff to contact Defense Counsel to discuss the various deficiencies. Plaintiff's Complaint does not have any telephone number or email address listed. To date, Plaintiff has not responded to Defense Counsel's meet and confer correspondence and the parties were not able to agree as to the substantive issues underlying the LASD's anticipated Motion to Dismiss. Accordingly, the LASD must now submit this matter for ruling before the Court due to the responsive pleading deadline.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers on file herein, Defendant's request for judicial notice and supporting documents, and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

DATED: January 15, 2020

PETERSON · BRADFORD · BURKWITZ

By: /s/ *Gil Burkwitz*
Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Attorneys for Defendant, LOS ANGELES SHERRIFF'S DEPARTMENT

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# TABLE OF CONTENTS

I. INTRODUCTION .......... 7

II. LEGAL STANDARD AND ANALYSIS .......... 8

A. PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE REQUISITE PLEADING REQUIREMENTS .......... 8

B. TO THE EXTENT ANY CLAIM FOR RELIEF HAS BEEN IDENTIFIED, PLAINTIFF'S COMPLAINT FAILS TO STATE A CIVIL RIGHTS CLAIM AGAINST THE LASD, AS PUBLIC ENTITIES ARE NOT LIABLE FOR § 1983 CLAIMS BASED ON A THEORY OF RESPONDENT SUPERIOR AND/OR THERE ARE INSUFFICIENT FACTS TO SUPPORT A § 1983 CLAIM .......... 9

C. TO THE EXTENT PLAINTIFF IS ATTEMPTING TO CHALLENGE HIS ARREST, THE CLAIMS ARE BARRED BY THE PRINCIPALS OF RES JUDICATA AND THE ROCKER FELDMAN DOCTRINE .......... 11

D. PLAINTIFF HAS NOT DEMONSTRATED ANY COMPLIANCE WITH THE GOVERNMENT CLAIMS ACT PRIOR TO PURSUING ANY STATE LAW CLAIM FOR RELIEF .......... 12

E. PLAINTIFF'S COMPLAINT ASSERTS IMPROPER DAMAGES AGAINST A PUBLIC ENTITY DEFENDANT .......... 133

III. CONCLUSION .......... 13

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# TABLE OF AUTHORITIES

Cases | Page

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 8, 9

*Buckey v. Cty. of Los Angeles*, 968 F.2d 791 (9th Cir. 1992) .......... 7

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) .......... 2, 10

*City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981) .......... 2, 12

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) .......... 11

*Hunter v. Cty. of Sacramento*, 652 F.3d 1225 (9th Cir. 2011) .......... 10

*Kentucky v. Graham*, 473 U.S. 159 .......... 2, 12

*Mitchell v. Dupnik*, 75 F.3d 517 (9th Cir. 1996) .......... 3, 13

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) .......... 2, 10

*Nelson v. County of Los Angeles*, (2003) 113 Cal.App.4th 783 .......... 12

*Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr.*, (1992) 8 Cal.App.4th 729 .......... 12

*Pouncey v. Ryan*, 396 F.Supp. 126 (1975) .......... 11

*Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1993) .......... 11

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) .......... 11

*Sheppard v. David Evans & Assocs*., (9th Cir. 2012) 694 F3d 1045 .......... 2

*Walker v. Schaeffer*, 854 F.2d 138 .......... 11

Statutes

42 U.S.C. § 1983 .......... 7, 9, 10

Rules

Fed. Rule Civ. Proc. 8(a)(2) .......... 9
Federal Rule of Civil Procedure 12(b)(6) .......... 2, 8, 14
Federal Rules of Civil Procedure, Rule 8 .......... 8, 11
FRCP 8(a) & (b) .......... 2

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Robert K. Mayberry's ("Plaintiff") Complaint is procedurally defective and fails to provide Defendant Los Angeles Sheriff's Department ("Defendant," or the "LASD") with requisite notice of the specific claims and/or factual basis warranting any claim for relief. Notably, there are no actionable claims for relief set forth in the Complaint. Rather, with respect to his presumed federal claims, Plaintiff improperly "aims in the general direction of the federal Constitution with buckshot." *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Essentially, Plaintiff seems to lament that his alleged injuries are attributable to the LASD by citing various claims/cases and presenting vague factual allegations without any nexus between the events and alleged harm. However, this is entirely insufficient to put the LASD on notice of the exact nature/basis of the claims against it.

Although unclear, it appears Plaintiff's entire action arises from issues involving his arrest and/or treatment while in LASD's custody. The Complaint, however, does not specifically identify any *actionable* claims for relief against the LASD. Further, Plaintiff fails to identify any policy or practice that caused his alleged injuries or could support a basis for a civil rights/Monell claim against the LASD (assuming such a claim was being asserted). Specifically, a public entity cannot be held liable based on vicarious liability for the alleged wrongdoings of its employees for civil rights claims brought pursuant to 42 U.S.C. § 1983. Further, to the extent the claims attempt to challenge the manner of his arrest, Plaintiff's claims are barred by the principals of res judicata and/or the Rooker Feldman Doctrine, as he pled Nolo Contender to the charges against him.

For the reasons discussed below, Defendant respectfully requests the Court dismiss Plaintiff's Complaint as it fails to assert any viable claim for relief against

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

LASD.

## II. LEGAL STANDARD AND ANALYSIS

### A. PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE REQUISITE PLEADING REQUIREMENTS

Under Federal Rules of Civil Procedure, Rule 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555–56. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that simply offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* at 678 (internal citations, quotations, and alterations omitted).

Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: *i.e.*, whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556).

Here, Plaintiff's complaint fails to state any viable claim for relief against LASD. Instead, plaintiff asserts "inflicted emotional & mental distress, physical abuse, denial of medical treatment, false arrest, and illegal search & seizure" under the section identifying each cause of action. (*See* Plaintiff's Complaint, at pg. 3 Paragraph 10.) However, these are not viable claims for relief and there is no legal basis underlying the claims. Further, Plaintiff fails to include each cause of action to the Complaint as required under Paragraph 10, which fails to give notice as to the basis for the claims against the LASD. In short, Plaintiff's complaint is unclear and scattered. It appears to allege several claims for relief, all of which largely rely upon his conclusory allegations or factual allegations that are not specifically tied to any claim. Thus, the alleged claims for relief fail to rise above the speculative level to survive a motion to dismiss.

**B. TO THE EXTENT ANY CLAIM FOR RELIEF HAS BEEN IDENTIFIED, PLAINTIFF'S COMPLAINT FAILS TO STATE A CIVIL RIGHTS CLAIM AGAINST THE LASD, AS PUBLIC ENTITIES ARE NOT LIABLE FOR § 1983 CLAIMS BASED ON A THEORY OF RESPONDENT SUPERIOR AND/OR THERE ARE INSUFFICIENT FACTS TO SUPPORT A § 1983 CLAIM**

A public entity cannot be held liable based on vicarious liability for the

alleged wrongdoings of its employees for causes of action brought pursuant to 42 U.S.C. § 1983. (*Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978); see also, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) [holding that it is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983].) Accordingly, there is no respondeat superior liability for constitutional claims against a municipality. (Id.)

In *Monell v. Department of Social Services*, the Supreme Court held "that a municipality may be sued as a 'person' under 42 U.S.C. § 1983 when the municipality's 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy' inflicts a constitutional injury." *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1227 n.1 (9th Cir. 2011) (quoting *Monell*¸ 436 U.S. 658, 694 (1978)). The municipality cannot, however, be held liable on a theory of respondeat superior: *i.e.*, "*solely* because it employs a tortfeasor." 436 U.S. at 691 (emphasis in original). To prevail on a § 1983 *Monell* claim, plaintiffs must show (1) that they suffered a constitutional violation, and (2) that a municipal policy caused the violation. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978).

Although not serially delineated or identified as independent claims for relief, Plaintiff appears to allege violations of the Fourth, Fifth, and Fourteenth Amendments (See Complaint Pages 4-6). However, plaintiff's alleged constitutional violations are all based on wrongdoing carried out by unidentified individuals and not any policy or practice instituted by the LASD. However, a municipality may be held liable under a claim brought under §1983 only when the municipality itself inflicts an injury. Plaintiff's case is entirely devoid of any such facts that would support a Monell violation and thus fails to rise above the speculative level. Therefore, this action must be dismissed.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**C. TO THE EXTENT PLAINTIFF IS ATTEMPTING TO CHALLENGE HIS ARREST, THE CLAIMS ARE BARRED BY THE PRINCIPALS OF RES JUDICATA AND THE ROCKER FELDMAN DOCTRINE**

Plaintiff appears to allege false arrest and imprisonment, as well as that his fourth amendment was violated due to an illegal search. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 476 (1993); See also Fed. R. Civ. P. 8. "A valid final adjudication of a claim precludes a second action on that claim or any part of it." 522 U.S. at 476. Further, where an officer has made an arrest, the resulting conviction is a defense to any civil right action asserting that the arrest was made without probable cause." See *Pouncey v. Ryan*, 396 F.Supp. 126, 128 (1975); See also *Walker v. Schaeffer*, 854 F.2d 138, 143.

Additionally, under the Rooker Feldman Doctrine, "Where constitutional questions actually arose in a cause in which a state court had jurisdiction of the subject-matter and of the parties, that court's decision, whether right or wrong, is conclusive, unless and until reversed or modified by a timely and appropriate appellate proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); See also *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)

Here, Plaintiff voluntarily plead nolo contendere to his criminal charges on July 9, 2019 in California Superior Court, which resulted in his conviction. (See Defendant's Request for Judicial Notice, Exhibits A and B, relating to Plaintiff's Conviction from Los Angeles Superior Court Case No. BA443377.) To the extent Case No. BA443377 is the underlying basis of Plaintiff's claims and factual allegations in his suit against the LASD, he is precluded from attempting to challenge the findings and/or undermine the judgment by advancing federal claims. *Rooker, supra*, 263 U.S. 413; *Rivet*, supra, 522 U.S. 470. Therefore, the claim of

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

false arrest and imprisonment have been litigated and a final judgement has been made on the merits. Plaintiff's guilt was before the court and was the subject of a hearing providing him a full and fair opportunity to be heard. Plaintiff chose to enter said plea. Therefore, Plaintiff is barred by res judicata, from bringing allegations of false arrest and imprisonment, and by the Rocker Feldman Doctrine because of Plaintiff's criminal case conviction.

**D. PLAINTIFF HAS NOT DEMONSTRATED ANY COMPLIANCE WITH THE GOVERNMENT CLAIMS ACT PRIOR TO PURSUING ANY STATE LAW CLAIM FOR RELIEF**

A plaintiff cannot bring a lawsuit against a public entity in California for personal injuries unless, within six months after the accrual of the cause of action, a written claim has been presented to the public entity involved and the claim has been rejected. Govt. Code §§ 911.2, 945.4. Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim. This is so even where one person's injuries are "derivative" of the other's. (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 796–798; *Nguyen v. Los Angeles County Harbor/UCLA Med. Ctr.* (1992) 8 Cal.App.4th 729—.)

Here, Plaintiff has failed to demonstrate that he has timely complied with the government claims act prior to filing this action. The failure to timely comply with the government claims act serves as an automatic bar to any state law claim for relief. Govt. Code §§ 911.2, 945.4. Accordingly, Plaintiff's Complaint must be dismissed for failing to timely comply with the Government Claims Act.

///

///

///

### E. PLAINTIFF'S COMPLAINT ASSERTS IMPROPER DAMAGES AGAINST A PUBLIC ENTITY DEFENDANT

Municipalities are not liable for punitive damages. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13; *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Additionally, State officials sued in their official capacity are also immune from punitive damages. *See Mitchell*, 75 F.3d at 527.

Here, in his Complaint, Plaintiff improperly seeks punitive damages against the LASD. (See Complaint at pg. 3, Paragraph 14.) However, punitive damages against the LASD are impermissible as it is a public entity. Accordingly, plaintiff's prayer for punitive damages must be dismissed.

## III. CONCLUSION

For the reasons stated above, Defendant respectfully requests the Court grant its motion, dismissing this action, as Plaintiff has failed to set forth any actionable claim against the LASD.

DATED: January 15, 2020

PETERSON · BRADFORD · BURKWITZ

By: */s/ Gil Burkwitz*
Avi Burkwitz, Esq.
Gil Burkwitz, Esq.
Attorneys for Defendant,
Los Angeles Sheriff's Department

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On January 15, 2020, I served the foregoing document described as:

**DEFENDANT, LOS ANGELES SHERIFF DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the addressee.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 15, 2020, at Burbank, California.

/s/ *Temple Currie*

Temple Currie

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# SERVICE LIST

**RE: ROBERT MAYBERRY v. LOS ANGELES SHERIFF'S DEPARTMENT**

Robert K. Mayberry
PO Box 5004
Delano, CA 90012

In Pro Per

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800